UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ANTHOINE DESHAW ODOM,

               Plaintiff,

v.

UNKNOWN CHRISTIANSEN et al.,

               Defendants.
_____/

Case No. 1:18-cv-81

Honorable Robert J. Jonker

**OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff Anthoine Deshaw Odom is incarcerated with the Michigan Department of Corrections (MDOC) at the Ionia Correctional Facility (ICF). Before the Court is a lengthy amended complaint (ECF No. 8) naming over thirty MDOC employees, as well as a proposed supplement to that complaint (ECF No. 12), seeking to add an additional nine defendants. In addition, Plaintiff has filed several motions (ECF Nos. 11, 16, 18, 22, 24, 25). For the reasons herein, the Court will grant the motion to amend/supplement the amended complaint (ECF No. 12), and will dismiss all defendants other than Defendants Christiansen and Haynes due to misjoinder. The Court will dismiss the action against Defendants Christiansen and Haynes for failure to state a claim. Plaintiff's other pending motions will be denied.

I.      Background

In the amended complaint and supplement thereto,[1] Plaintiff apparently sues the following MDOC employees: Warden (unknown) Naple; Deputy Wardens Erica Huss, (unknown) Christiansen, and (unknown) Minnard; Prisoner Counselors (unknown) Blair, (unknown) Haynes, (unknown) Deforge, and (unknown) Pow; Lieutenant (unknown) Steward; Resident Unit Managers (unknown) Davis and (unknown) Larson; Sergeants (unknown) Kerr and (unknown) Leitheim[2]; Recreational Department Manager (unknown) Bronson; Captain (unknown) Woods; Inspectors (unknown) Niemensto and (unknown) Barber; RN (unknown) Greynor; Hearing Officer Elizabeth Morris; Officers (unknown) Ire, (unknown) Burns, (unknown) Watson, (unknown) McBride, (unknown) Simon, (unknown) Issacson, (unknown) Clemmons, (unknown) Heitikko, (unknown) Skitta, (unknown) Klemett, (unknown) Matila, (unknown) Ettemakie, (unknown) Lar, (unknown) Ombore, (unknown) Hayatt, (unknown) Nardie, (unknown) Butsual, (unknown) LaClare, (unknown) Beauchamp, (unknown) Fergason, (unknown) Goreman, (unknown) Hitton, and (unknown) Hilzey; an individual identified as the "I-Max (Storeman)"; and another individual identified as "I-Max Accountant."  (Am. Compl., ECF No. 8, PageID.71-74; Suppl. to Am. Compl., ECF No. 12, PageID.114.)

The substance of Plaintiff's claims is difficult to discern.  The amended complaint is not well-organized and its allegations are vague and confusing.  At least one thing is clear, however.  Plaintiff is complaining about a number of incidents, most of which are completely unrelated to one another.  The complaint covers events involving different defendants at different times and at different locations.  The named Defendants are employees at several different prison

---

[1] The Court will grant Plaintiff's motion to amend/supplement his amended complaint (ECF No. 12).  Fed. R. Civ. P. 15.

[2] Initially identified as "Laitinen," but changed to Leitheim in the supplement to the complaint (ECF No. 12, PageID.117).

facilities in Michigan, including ICF, the Marquette Branch Prison (MBP), and the Baraga Correctional Facility (AMF). The incidents alleged occurred over a three-year time period, from October 2015 to 2018.

Plaintiff alleges a random laundry list of mostly minor complaints, including the following: his prison mail and prison grievances disappear or are intercepted by prison officials. Officials speak "disrespectful[ly]" and "inconsiderately" to him. (*Id.*, PageID.78.) One officer challenged him to a fight. Plaintiff cannot obtain the job that he wants or complete the educational program that has been recommended for him in order to obtain parole. He once received "stale" cereal. (*Id.*, PageID.79.) Officers have falsified, or conspired to falsify, misconduct charges against him. Another officer sent his mail to a different federal court than the one he addressed his mail to. Other officers have stolen items from his cell. An officer delayed or denied his request for reclassification to a lower security level. He did not receive a monthly doctor's appointment. He does not receive responses to some of his grievances. Sometimes, officers do not allow him to take a shower. He purchased turkey sandwiches through a prison fundraiser, but the sandwiches did not match the advertisement. He purchased chicken breasts from the prison store but did not receive them.

A recurring theme in Plaintiff's allegations is that an unidentified individual (or possibly group of individuals) is responsible for many of Plaintiff's problems. He refers to this person as an "unseen civil servant," a "familiar voice," an "intruder," an "unseen hand," and an "Arch enemy." (Am. Compl., ECF No. 8, PageID.75, 78, 79, 84, 88.) Apparently, this person follows Plaintiff from one institution to another, hiding behind corners, talking about him in the hallway, and watching him on the video monitors.

II.     Misjoinder

Plaintiff's various and sundry allegations are not suitable for a single federal action. Rules 18 and 20 of the Federal Rules of Civil Procedure govern the proper joinder of claims and parties. The Court has authority to *sua sponte* dismiss parties who are not properly joined as defendants in this action. Fed. R. Civ. P. 21.

**A. Standard**

Rule 20(a) limits the joinder of parties in single lawsuit, whereas Rule 18(a) limits the joinder of claims. Rule 18(a) permits a plaintiff to join as many claims as it has against an opposing party. Rule 20(a)(2) governs when multiple defendants may be joined in one action: "[p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."

Where multiple defendants are named, as in this case, the analysis under Rule 20 precedes that under Rule 18:

> Rule 20 deals solely with joinder of parties and becomes relevant only when there is more than one party on one or both sides of the action. It is not concerned with joinder of claims, which is governed by Rule 18. Therefore, in actions involving multiple defendants Rule 20 operates independently of Rule 18. . . .
>
> Despite the broad language of Rule 18(a), plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all.

7 Charles Allen Wright, Arthur R. Miller, Mary Kay Kane, Federal Practice & Procedure Civil § 1655 (3d ed. 2001), quoted in *Proctor v. Applegate*, 661 F. Supp. 2d 743, 778 (E.D. Mich. 2009), and *Garcia v. Munoz,* No. 08-1648, 2007 WL 2064476, at *3 (D.N.J. May 14, 2008); *see also*

*Neitzke v. Williams*, 490 U.S. 319, 328 (1989) (joinder of defendants is not permitted by Rule 20 unless both commonality and same transaction requirements are satisfied).

The joinder of claims, parties, and remedies is "strongly encouraged" when appropriate to further judicial economy and fairness. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966). This does not mean, however, that parties have free reign to join multiple defendants into a single lawsuit with multiple claims that are unrelated. *See, e.g., Pruden v. SCI Camp Hill*, 252 F. App'x 436, 438 (3d Cir. 2007) (dismissing prisoner complaint with "multiple constitutional violations that occurred over a span of seven years[,] . . . aris[ing] out of different transactions and occurrences"). In short, "a civil plaintiff may not name more than one defendant in his original or amended complaint unless one claim against each additional defendant is transactionally related to the claim against the first defendant and involves a common question of law or fact." *Proctor*, 661 F. Supp. 2d at 778. When determining if civil rights claims arise from the same transaction or occurrence, a court may consider a variety of factors, including, "'the time period during which the alleged acts occurred; whether the acts [] . . . are related; whether more than one act . . . is alleged; whether the same supervisors were involved, and whether the defendants were at different geographical locations.'" *Id.* (quoting *Nali v. Mich. Dep't of Corrs.*, 2007 WL 4465247, *3 (E.D. Mich. Dec. 18, 2007)).

Permitting expansive joinder in a prisoner civil rights action would undermine the purpose of the PLRA, which was to reduce the large number of frivolous prisoner lawsuits that were being filed in the federal courts. *See Riley v. Kurtz*, 361 F.3d 906, 917 (6th Cir. 2004). Under the PLRA, a prisoner may not commence an action without prepayment of the filing fee in some form. *See* 28 U.S.C. § 1915(b)(1). These "new fee provisions of the PLRA were designed to deter frivolous prisoner litigation by making all prisoner litigants feel the deterrent effect created by

liability for filing fees." *Williams v. Roberts*, 116 F.3d 1126, 1127-28 (5th Cir. 1997). The PLRA also contains a "three-strikes" provision requiring the collection of the entire filing fee after the dismissal for frivolousness, etc., of three actions or appeals brought by a prisoner proceeding *in forma pauperis*, unless the statutory exception is satisfied. 28 U.S.C. § 1915(g). A prisoner could attempt to avoid payment of multiple filing fees for what should be multiple lawsuits, or attempt to a avoid a "strike," by combining a raft of frivolous claims against many defendants in the hope that at least one claim will survive dismissal. Thus, "[a] buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions— should be rejected if filed by a prisoner." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

### B. Analysis

#### 1. Christiansen

The first defendant identified in the body of the complaint is Deputy Warden Christiansen. (*Id.*, PageID.75.) Christiansen has allegedly allowed Plaintiff to be harassed by the "unseen," "undisclosed civil servant." (*Id.*) Plaintiff also contends that other officials are somehow interfering with his "legal mail." (*Id.*) Christiansen allegedly promised to address the problem, but did not do so.

In addition, Plaintiff has complained to Christiansen about guards who "abuse their authority by perp[e]trating a fraud by teaming up on [Plaintiff] and attempting to keep 'civil unrest' in house" (*id.*, PageID.80), and about Plaintiff's request to have his security level reduced (*id.*, PageID.84). Apparently, Christiansen failed to remedy these issues. Plaintiff also contends that Christiansen is "promoting violence" by not disciplining guards who are lying to other guards. (*Id.*, PageID.83.) All of the foregoing claims against Christiansen are properly joined.

6

## 2. Haynes

Prisoner Counselor (PC) Haynes is another defendant named in the complaint. Plaintiff has stated a claim against Haynes that is transactionally related to one of the claims against Christiansen. Specifically, Plaintiff alleges that Christiansen spoke to Haynes about an issue with Plaintiff's legal mail, but the problem persisted. (Am. Compl., PageID.75.) Thus, Haynes is properly joined as a defendant.

## 3. Other Defendants

None of the other claims against the other defendants are transactionally related to any claim against both Defendants Christiansen and Haynes. Keeping the other defendants in this action would not promote judicial economy and fairness. Moreover, it might encourage Plaintiff— who has already filed a total of eight civil rights actions in this district, two of which were dismissed for failure to state a claim—to continue to file scattershot complaints in an attempt to avoid the consequences in 28 U.S.C. § 1915(g) of filing a third lawsuit that is frivolous, malicious, or fails to state a claim. Accordingly, the other defendants are not properly joined in this action.

## C. Remedy for Misjoinder

"Misjoinder of parties is not a ground for dismissing an action." Fed. R. Civ. P. 21. Instead, Rule 21 provides two remedial options: (1) misjoined parties may be dropped on such terms as are just; or (2) any claims against misjoined parties may be severed and proceeded with separately. *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 572-73 (2004) ("By now, 'it is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time[.]'"); *DirecTV, Inc. v. Leto*, 467 F.3d 842, 845 (3d Cir. 2006); *cf. Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 682 (6th Cir. 1988) ("[D]ismissal of claims against misjoined parties is appropriate."). "Because a district court's

decision to remedy misjoinder by dropping and dismissing a party, rather than severing the relevant claim, may have important and potentially adverse statute-of-limitations consequences, the discretion delegated to the trial judge to dismiss under Rule 21 is restricted to what is 'just.'" *DirecTV*, 467 F.3d at 845.

At least three judicial circuits have interpreted "on such terms as are just" to mean without "gratuitous harm to the parties." *Strandlund v. Hawley*, 532 F.3d 741, 745 (8th Cir. 2008) (quoting *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000)); *see also DirecTV*, 467 F.3d at 845. Such gratuitous harm exists if the dismissed parties lose the ability to prosecute an otherwise timely claim, such as where the applicable statute of limitations has lapsed, or the dismissal is with prejudice. *Strandlund*, 532 F.3d at 746; *DirecTV*, 467 F.3d at 846-47; *Michaels Bldg. Co.*, 848 F.2d at 682.

In this case, Plaintiff brings causes of action under 42 U.S.C. § 1983. For civil rights suits filed in Michigan under § 1983, the statute of limitations is three years. *See* Mich. Comp. Laws § 600.5805(10); *Carroll v. Wilkerson*, 782 F.2d 44 (6th Cir. 1986) (per curiam); *Stafford v. Vaughn*, No. 97-2239, 1999 WL 96990, at *1 (6th Cir. Feb. 2, 1999). However, "Michigan law provides for tolling of the limitations period while an earlier action was pending which was later dismissed without prejudice." *Kalasho v. City of Eastpointe*, 66 F. App'x 610, 611 (6th Cir. 2003).

The actions about which Plaintiff complains occurred in October 2015 or sometime thereafter, well within the three-year period of limitations when he filed his complaint. Thus, his claims against the misjoined parties are not at risk of being time-barred if those parties are dropped from this action. He will have ample time to refile any new actions. Accordingly, under the

Court's authority in Rule 21, the Court will dismiss without prejudice all defendants other than Defendants Christiansen and Haynes.

### III. Failure to state a claim

After dismissal of the defendants other than Christiansen and Haynes, the Court must determine whether to serve the complaint. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez,* 504 U.S. 25, 33 (1992).

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it

asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Christiansen

Plaintiff alleges that Defendant Christiansen did not respond to Plaintiff's complaints about other prison officials and did not properly supervise other officers. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the

mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendant Christiansen actively engaged in any unconstitutional behavior. Accordingly, Plaintiff fails to state a claim against him.

### B. Haynes

Plaintiff makes a number of different allegations against Defendant Haynes.

#### 1. Legal mail

Plaintiff alleges that certain co-workers of Defendant Christiansen, including Defendant Haynes, "harass" Plaintiff by ignoring a MDOC policy regarding "legal mail." (Am. Compl., PageID.75.) Plaintiff asserts,

> [C]ertain ('mail') that I send to various agencies or offices that constitutes as 'Legal Mail' but they ignore DOM 2009-18 "Prisoner to Prisoner Mail." Because it[']s so deeply-rooted [Haynes] has been trained to ignore that fact and to deprive the plaintiff this right[.]

(*Id.*)

This claim fails because it is too vague to state a plausible claim. Plaintiff does not specify what Haynes actually did. It is not clear what Plaintiff means when he alleges that Haynes ignored a prison regulation. This allegation is more of a conclusion than a statement of fact. Moreover, it is not clear how a policy covering "prisoner to prisoner mail" would even apply to mail that Plaintiff is sending to outside entities. Thus, Plaintiff has failed to allege anything that would give rise to a plausible claim against Haynes with respect to Plaintiff's legal mail.

11

Even if Haynes ignored or violated a prison policy, Plaintiff has not alleged enough to state a claim under § 1983. An alleged failure to comply with an administrative rule or policy does not itself rise to the level of a constitutional violation. *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007); *Brody v. City of Mason*, 250 F.3d 432, 437 (6th Cir. 2001); *McVeigh v. Bartlett*, No. 94-23347, 1995 WL 236687, at *1 (6th Cir. Apr. 21, 1995) (failure to follow policy directive does not rise to the level of a constitutional violation because policy directive does not create a protectible liberty interest). Section 1983 is addressed to remedying violations of federal law, not state law. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982); *Laney*, 501 F.3d at 580-81. Accordingly, for all the foregoing reasons, the claim against Haynes regarding Plaintiff's legal mail will be dismissed for failure to state a claim.

## 2. Supervisor role

Plaintiff also alleges that Haynes did not "[take] charge as a supervisor" when another officer challenged Plaintiff to a fight, and did not follow a prison policy that would have separated Plaintiff from this employee. (Am. Compl., PageID.79.) This does not state a claim. For the reasons already stated with respect to Defendant Christiansen, Haynes is not liable as a supervisor for the actions of other officers, and is not liable merely because she failed to follow prison policy. Plaintiff does not allege that Haynes was deliberately indifferent to a risk of serious harm to Plaintiff, as would be necessary to state an Eighth Amendment claim against her. *See Farmer v. Brennan*, 511 U.S. 825, 833 (1994); *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010).

## 3. Security level

Plaintiff also contends that Haynes promised to have Plaintiff moved to a lower security level, but this move did not happen. (Am. Compl., PageID.84.) These allegations do not

state a claim because a prisoner has no constitutional right to be incarcerated in a particular facility or to be held in a specific security classification. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Meachum v. Fano*, 427 U.S. 215, 228-29 (1976); *accord Harris v. Truesdell*, 79 F. App'x 756, 759 (6th Cir. 2003) (holding that prisoner had no constitutional right to be held in a particular prison or security classification); *Carter v. Tucker*, 69 F. App'x 678, 680 (6th Cir. 2003) (same).

Plaintiff apparently contends that Haynes is retaliating against Plaintiff in regards to Plaintiff's security level, but this assertion is wholly conclusory. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001). Plaintiff fails to allege any facts from which to infer that Haynes took any adverse action against Plaintiff in response to any protected conduct.

In short, Plaintiff fails to state a claim against Defendants Christiansen and Haynes. Accordingly, they will be dismissed for failure to state a claim.

IV.     Other Motions

Plaintiff has also filed a motion for "evidentiary tools" (ECF No. 9), a motion for evidentiary materials (ECF No. 11), a motion for a preliminary injunction (ECF No. 16), a motion for a restraining order (ECF No. 18), a motion to compel the court to take action (ECF No. 22), a

motion for extension of time (ECF No. 24), and a motion for appointment of counsel and a private investigator (ECF No. 25).

Because the Court will dismiss the action, these motions are moot and will be denied as such. Moreover, to the extent the Court must evaluate whether to appoint counsel before dismissing the complaint, the Court finds that appointment of counsel is not warranted. Indigent parties in civil cases have no constitutional right to a court-appointed attorney. *Abdur-Rahman v. Mich. Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995); *Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993). The Court may, however, request an attorney to serve as counsel, in the Court's discretion. *Abdur-Rahman*, 65 F.3d at 492; *Lavado*, 992 F.2d at 604-05; *see Mallard v. U.S. Dist. Court*, 490 U.S. 296 (1989).

Appointment of counsel is a privilege that is justified only in exceptional circumstances. In determining whether to exercise its discretion, the Court should consider the complexity of the issues, the procedural posture of the case, and Plaintiff's apparent ability to prosecute the action without the help of counsel. *See Lavado*, 992 F.2d at 606. The Court has carefully considered these factors and determines that, at this stage of the case, the assistance of counsel does not appear necessary to the proper presentation of Plaintiff's position. Accordingly, all of the foregoing motions, including Plaintiff's motion for appointmentof counsel, will be denied.

## Conclusion

In summary, the Court will grant Plaintiff's motion to amend/supplement the complaint (ECF No. 12). The Court will dismiss without prejudice all defendants other than Defendants Christiansen and Haynes under the Court's authority in Rule 21 of the Federal Rules of Civil Procedure. In addition, after conducting the review required by the Prison Litigation

14

Reform Act, the Court determines that Defendants Christiansen and Haynes must be dismissed with prejudice for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2), 1915A, and 42 U.S.C. § 1997e(c). Plaintiff's other motions will be denied.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

The Court will enter an Order and Judgment consistent with this Opinion.


Dated:     October 15, 2018              /s/ Robert J. Jonker
                                          ROBERT J. JONKER
                                          CHIEF UNITED STATES DISTRICT JUDGE